IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BEVERLY HORN, | : | |
| | : | Case No. 1:06-CV-493 |
| Plaintiff, | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | |
| KMART CORPORATION, | : | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING THIS CASE |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |
| | : | |

      This matter comes before the Court on Plaintiff Beverly Horn's Motion to Remand. (Doc. 5.)  Horn originally brought suit in the Hamilton County Court of Common Pleas in Cincinnati, Ohio against Defendant Kmart Corporation ("Kmart") for retaliation for submitting a workers' compensation claim in violation of Ohio Rev. Code § 4123.90 and common law wrongful discharge in violation of Ohio public policy.  Kmart then removed the suit to federal court on the basis of diversity jurisdiction.  *See* 28 U.S.C. § 1332.  For the reasons that follow, the Court hereby **GRANTS** Plaintiff's motion to remand and remands this case to the Hamilton County Court of Common Pleas.

**I. Standard**

      Generally, under 28 U.S.C. § 1441(a), a defendant may remove to federal court any case filed in state court, if the case could have been brought in federal court originally.  However, this

1

general right to removal is limited by several exceptions.  Subsection (c) of 28 U.S.C. § 1445 states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  Thus, the issue before the court is whether Horn's suit "arises" under Ohio's workers' compensation laws.

**II. Analysis**

"A civil action arises under a state workmen's compensation law when either (1) the workmen's compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmen's compensation law." *Harper v. AutoAlliance Int'l. Inc.*, 392 F.3d 195, 203 (6th Cir. 2004).  The analysis under this standard differs for a claim of retaliatory discharge in violation of a statute and a claim of wrongful discharge in violation of public policy.  Therefore, Horn's claims will be discussed separately, and then the question of whether the entire action should be remanded will be addressed.

   A. <u>Retaliatory discharge in violation of Ohio Revised Code 4123.90</u>

Several cases in the Sixth Circuit have discussed whether a claim of retaliatory discharge found in a workers' compensation law arises under that law in the meaning of section 1441(c). In *Harper*, the plaintiff brought numerous claims including retaliatory discharge in violation of Michigan's Workers' Disability Compensation Act ("WDCA"), retaliatory discharge in violation of Michigan public policy, and retaliatory discharge in violation of Title VII.  *Id.* at 199. Defendant removed the case to district court based on federal question jurisdiction and,

subsequently, the plaintiff dropped his Title VII claim and moved to have the case remanded.[1] *Id.* at 199-200.

The Sixth Circuit affirmed the district court's decision to deny the plaintiff's request for remand. *Id.* at 212. Though Michigan's workers' compensation scheme made it illegal to retaliate against an employee who files a claim, the cause of action did not "arise" under the workers' compensation laws. First, the WDCA did not create the right because the statute did not provide a remedy, and the court deduced that the Michigan legislature added the anti-retaliation provision merely to codify the judicially created right. *Id.* at 203-204. Second, the statutory retaliation claim did not depend on a "resolution of a substantial question of workmen's compensation law" because the statute did "not implicate the administrative or remedial mechanisms of that statutory scheme, require courts to interpret the statute, or seek an award of compensation for personal injury that causes a diminished wage-earning capacity. . ." *Id.* at 205.

A district court in Kentucky came to the opposite conclusion about a cause of action for retaliatory discharge under that state's workers' compensation laws. *McCormick v. R.R. Donnelly & Sons*, 436 F. Supp. 2d 857, 859 (E.D. Ky. 2006). Analyzing the issue within the *Harper* framework, the court concluded that the Kentucky workers' compensation statute created the retaliatory discharge action because the statute included a right and a remedy. *Id.*

After reviewing the pleadings *sua sponte*, Judge Weber of the this court dismissed a case for lack of subject matter jurisdiction in *Hafner v. Cowan Sys. LLC*, No. 1:04-CV-629, 2005 WL

---

[1] The procedural history of this case is actually more complicated. However, only the given facts are necessary for the purposes of this analysis.

1417104 (S.D. Ohio June 16, 2005).  In that case, the plaintiff claimed retaliatory discharge under Ohio Rev. Code § 4123.90, breach of contract, disparate treatment, and violation of Ohio public policy.  Like the statute at issue in *McCormick*, the Ohio statute provided a right and a remedy in situations of retaliatory discharge.  Without considering *Harper*, the court concluded that the retaliatory discharge claim arose under Ohio's workers' compensation laws because the Ohio code prohibited retaliatory actions.

Thus, a claim for retaliatory discharge based on a statute arises under the state's workers' compensation laws if the statute provides both the right and the remedy.  A claim for retaliatory discharge also arises under the state's workers' compensation laws if the plaintiff's right to relief is dependent "on resolution of a substantial question of workmen's compensation law."  However, if the statute is merely a codification of a judicially created action and does not provide a remedy, then the action does not arise under the state's workers' compensation laws.

Ohio Rev. Code § 4123.90 provides in relevant part:

> No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim. . . under the workers' compensation act. . . Any such employee may file an action in the common pleas court of the county of such employment in which the relief which may be granted shall be limited to reinstatement with back pay, if the action is based upon discharge, or an award for wages lost if based upon demotion, reassignment, or punitive action taken, offset by earnings subsequent to discharge, demotion, reassignment, or punitive action taken, and payments received pursuant to section 4123.56 and Chapter 4141. of the Revised Code plus reasonable attorney fees. The action shall be forever barred unless filed within one hundred eighty days immediately following the discharge, demotion, reassignment, or punitive action taken, and no action may be instituted or maintained unless the employer has received written notice of a claimed violation of this paragraph within the ninety days immediately following the discharge, demotion, reassignment, or punitive action taken.

Thus, the statute makes it unlawful to retaliate against an employee who files a claim under the Ohio workers' compensation scheme. In addition, the statute limits the available venue for such an action, limits the amount recoverable, and requires notice within ninety days of a violation and institution of the suit within 180 days of a violation. Thus, unlike the Michigan statute at issue in *Harper*, the Ohio statute provides both a right and a remedy.

Also unlike the circumstances in *Harper*, the Ohio statute was written before Ohio courts recognized the common law tort of wrongful discharge. The Ohio Supreme Court did not recognize wrongful discharge and it's public policy exception to at-will employment until 1990. *See Greeley v. Miami Valley Maintenance Contractors, Inc.*, 551 N.E.2d 981, 986 (Ohio 1990) (recognizing a public policy exception to at-will employment doctrine for discharging an employee based on a child support withholding order).[2] At that time, section 4123.90 already made it unlawful to retaliate against an employee who files a workers' compensation claim. *See* 1989 Session Laws and Resolutions, Amended Substitute House Bill Number 222, effective November 3, 1989 (making minor changes to § 4123.90).

Therefore, Horn's claim for retaliatory discharge in violation of Ohio Rev. Code § 4123.90 arises under the workers' compensation laws of Ohio. The Ohio statute was enacted prior to the Ohio judiciary's recognition of an exception to at-will employment, and the statute defines the remedy, as well as the right. Under the first prong of the *Harper* test, the claim for retaliatory discharge arises under the workers' compensation laws of Ohio because the statute created the cause of action.

---

[2] *Overruled in part by Tulloh v. Goodyear Atomic Corp.*, 584 N.E.2d 729 (Ohio 1992) on other grounds.

B.  Wrongful discharge in violation of Ohio public policy

In *Harper*, the Sixth Circuit also analyzed a claim for retaliatory discharge in violation of Michigan's public policy and found that it also did not "arise" under Michigan's workers' compensation laws. *Harper*, 392 F.3d at 205-08. The claim was not dependent on the Michigan's workers' compensation laws, but, rather, was dependent upon the "Michigan courts' recognition of an exception to the employment at-will doctrine for discharges that violate public policy." *Id.* at 207. The court also stated, "just because there is a "but for" relationship between Michigan's workers' compensation statute and the common law cause of action for retaliation in violation of public policy, it does not follow that the common law tort claim arises under that statute." *Id.* at 206. Thus, a claim that is dependent upon a judicial recognition of an exception to at-will employment does not arise under a state's workers' compensation laws.

As previously noted, the Supreme Court of Ohio recognized the common law action of wrongful discharge in 1990.[3] *See Greeley*, 551 N.E.2d at 986. The court stated, "the time has come for Ohio to join the great number of states which recognize a public policy exception to the employment-at-will doctrine. The General Assembly has expressed its will that employers be prohibited from discharging employees for the reason upon which appellant bases his cause of action. It is our job to enforce, not frustrate, that policy." *Id.* Since then, several Ohio appellate courts have recognized wrongful discharge claims based on Ohio Rev. Code § 4123.90. *See, e.g., Limbacher v. Penn-Ohio Oil Co.*, No. 2001 AP 07 0065, 2002 WL 1232935, *5 (Ohio App. May 31, 2002); *Boyd v. Winton Hills Med. & Health Ctr. Inc.*, 727 N.E.2d 137, 144 (Ohio App. 1999).

---

[3] Such a discharge was in direct contravention of O.R.C. § 3113.213(D).

6

The Ohio common law claim for wrongful discharge is indistinguishable from the claim of retaliatory discharge in violation of public policy at issue in *Harper*. Horn's claim is not created by Ohio's workers' compensation laws, and Horn's right to relief is not dependent upon the resolution of a substantial question of workers' compensation law, but instead is dependent upon judicial recognition of an exception to at-will employment. Therefore, Horn's claim for wrongful discharge in violation of Ohio public policy does not arise under Ohio's workers' compensation laws.

C.  Remand

The United States Code prohibits actions that arise under a state's workers' compensation laws from being removed to federal court. *See* 28 U.S.C. § 1445(c). Under the Sixth Circuit's *Harper* test, one of Horn's claims arises under Ohio's workers' compensation laws and one does not. Therefore, the question becomes whether any, all, or part of Horn's suit should be remanded to state court. The few district courts that have addressed this question have remanded the entire action. *See, e.g., Allsup v. Liberty Mut. Ins. Co.*, 782 F. Supp. 325, 328, 329 (W.D. Tex. 1991) ("If the entire case was not removable, the entire case was subject to remand"); *Wilson v. Lowe's Home Center, Inc.*, 401 F. Supp. 2d 186, 197 (D. Conn. 2005); *see also* Edward Hartnett, *A New Trick from an Old and Abused Dog: Section 1441(c) Lives and Now Permits the Remand of Federal Question Cases*, 63 Fordham L. Rev. 1099 (1995) (arguing that a district court must remand an entire case that includes a claim outside the court's jurisdiction). In concurrence with those decisions, this Court concludes that the language and purpose of 28 U.S.C. § 1441, and the dictates of economy, efficiency, and fairness weigh in favor of remanding the entire action.

As with all questions of statutory interpretation, the analysis of this issue must begin with the language of the statute. Section 1441(a) states, "Except as otherwise expressly provided by Act of Congress, any *civil action* brought in a State court of which the district courts of the United States have original jurisdiction may be removed...." 28 U.S.C. § 1441(a) (emphasis added). The phrase "civil action" usually refers to an entire case, and the phrase was specifically used to comport with Rules 2 and 81(c) of the Federal Rules of Civil Procedure. *See* Revision Notes, 28 U.S.C.A. § 1441 (1948). Rule 2 provides that "[t]here shall be one form of action to be known as a "civil action"", and Rule 81(c) distinguishes between a "civil action" and a "claim." Thus, 1441(a) provides a general right to remove an entire case or "civil action." *Accord Wilson,* 401 F. Supp. 2d at 193.

Section 1445(c), however, limits this right and prohibits removal of "any *civil action*... arising under the workmen's compensation laws." 28 U.S.C. § 1445(c) (emphasis added). Thus this section operates as an express exception to the general grant of removal in 1441(a). Removal would only be appropriate if the legislature provided an additional grant of removal jurisdiction. Currently, section 1441(c) only permits removal of an action containing a nonremovable claim if the claim is joined with a "separate and independent" claim within the federal question jurisdiction conferred by 28 U.S.C. § 1331. Kmart's basis for removal was diversity jurisdiction, not federal question jurisdiction. Therefore, the language of 1441(c) suggests that the entire case be remanded.

Remand of the entire case would also serve the underlying policies of section 1441. The legislative history shows that Congress enacted 1445(c) in order to serve two policies. First, Congress sought to decrease the number of cases in federal court based on diversity jurisdiction.

Second, Congress wanted to "relieve workers of the expense and delay of litigating in federal court." *Wilson*, 401 F. Supp. 2d at 196; *see also* S. Rep. No. 85-1830 (1958), reprinted in 1958 U.S.C.C.A.N. at 3105; *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 351-52 (1961). If the case or part of it remained in federal court, neither of these policies would be furthered. Furthermore, future plaintiffs would be forced to choose between pleading related state law claims and litigating in federal court, or omitting these claims in order to stay in state court. *See Wilson*, 401 F. Supp. 2d at 196. These alternatives are unfair when viewed in light of the policies underlying section 1441.

Finally, this case should be remanded in its entirety, because to sever the claims would be inefficient, unfair, and uneconomical. The Western District of Texas explained this point quite well: "[T]he dictates of comity and judicial economy are compelling... Despite the fact that no issue of supplemental or pendant jurisdiction exists, in the words of *United Mine Workers v. Gibbs*, the two claims are based on "a common nucleus of operative fact," 383 U.S. 715 (1966); they "form part of the same case or controversy," *see* 28 U.S.C. § 1367, and should be tried together." *Accord Wilson*, 401 F. Supp. 2d at 196; *Hummel v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 749 F. Supp. 1023, 1030 (D. Hawai'i 1990) ("Since remand of plaintiff's non-removable retaliatory discharge claim is warranted, principles of judicial economy and comity support the remand of her other state law claims as well."). Severance of the plaintiff's claims would result in unnecessary and duplicative litigation. Considerations of efficiency, fairness, and economy weigh in favor of remanding the entire case.

Therefore, the Court concludes that because Horn's claim for retaliatory discharge arises under the workers' compensation laws of Ohio, the entire case should be remanded in

9

accordance with the language and policies of 28 U.S.C. § 1441 and the dictates of efficiency, fairness and economy.

**III. Conclusion**

For the foregoing reasons, the Court **GRANTS** Plaintiff Horn's motion and **REMANDS** this case for lack of subject matter jurisdiction to the Hamilton County Court of Common Pleas.

IT IS SO ORDERED.

                                                  S/Susan J. Dlott_____

                                                  Susan J. Dlott

                                                  United States District Judge